# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | **CHAPTER 13** |
| **MARY C. PURCELL and JOHN L. PURCELL,** | **BANKRUPTCY NO. 17-16925 (JKF)** |
| **Debtors.** | Hearing Date: April 18, 2018<br>Hearing Time: 11:00 a.m.<br>Hearing Place: Courtroom 3 |

## OBJECTION OF MONTGOMERY COUNTY TAX CLAIM BUREAU
## TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

Montgomery County Tax Claim Bureau ("MCTCB"), by and through its undersigned counsel, hereby Objects to the Confirmation of the Chapter 13 Plan of Mary C. Purcell and John L. Purcell (the "Debtors"), and in support thereof, states as follows:

**I.    PARTIES AND JURISDICTION**

1. On or about October 11, 2017 (the "Petition Date"), the Debtors filed a joint voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.* (the "Bankruptcy Code").

2. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 1325 and 1325 and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3015.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and/or 1409.

**II.    BACKGROUND**

4. On or about November 14, 2017, the Debtors filed a Chapter 13 Plan (the "Plan"). A copy of the Plan is attached hereto as Exhibit "A" and incorporated herein. The Plan does not propose to pay MCTCB anything on account of its secured claim.

5.  On November 30, 2017, MCTCB filed a secured proof of claim in the Debtors' bankruptcy case in the amount of $10,345.19 [Claim No. 8-1] for property taxes on the Debtors' real property located at 6003 Dickens Court, Norristown, PA covering the year 2016 including interest accruing at a statutory rate of nine percent (9%) per annum.  See 53 P.S. § 7102 and 72 P.S. § 5860.306.  A copy of MCTCB's proof of claim is attached hereto as Exhibit "B" and incorporated herein.

6.  On or about March 18 and March 22, 2018, counsel to MCTCB contacted the Debtors, who filed the bankruptcy case *pro se*, requesting that the Debtors' Plan be amended because the Plan did not pay the present value of MCTCB's full allowed secured claim.  Counsel to MCTCB has not received a return e-mail.

### III. OBJECTION TO THE DEBTOR'S AMENDED CHAPTER 13 PLAN

7.  Pursuant to Section 1325 of the Bankruptcy Code, the Court may not confirm a Chapter 13 Plan that has not been proposed in good faith.  11 U.S.C. § 1325(a)(3).

8.  Section 1325(a) of the Bankruptcy Code also dictates that the Court may not confirm a Chapter 13 Plan which does not provide that (i) the holder of a secured claim, such as MCTCB, retains its lien securing the claim until the earlier of the payment of the debt as determined by nonbankruptcy law or the Debtor receives a discharge; and (ii) if the Debtor's case is dismissed or converted prior to the Plan being completed, the lien securing the claim shall be retained to the extent recognized by applicable nonbankruptcy law.  11 U.S.C. § 1325(a)(5)(B)(i).

9.  Pursuant to Section 1325(a)(5)(B)(ii) of the Bankruptcy Code, in order for the Debtors' Plan to be confirmable, it must propose to "pay the present value, as of the effective date of the plan, of the full allowed secured claim."  In re Gonzalez, 553 B.R. 511, 517 (Bankr.

E.D. Pa. 2016) (citing 8 Collier on Bankruptcy ¶1325.06[3] (Alan N. Resnick, Henry J. Sommer eds., 16th ed. 2016); Keith M. Lundin, Chapter 13 Bankruptcy §101.1 (4th ed. 2016)).

10. In addition, "[t]he 'present value' requirement mandates, in the absent of consent, that the plan provide for post-confirmation interest on a creditor's allowed secured claim." Id. (citing In re Soppick, 516 B.R. 733, 752-53 (Bankr. E.D. Pa. 2014)).

11. MCTCB does not accept the Plan.

12. The Plan proposes to pay MCTCB less than the present value of MCTCB Claim.

13. The Plan was not filed in good faith.

14. For the aforementioned reasons, MCTCB respectfully submits that the Debtor's Plan is not confirmable and this Court should enter an Order denying confirmation of the Plan.

WHEREFORE, MCTCB hereby requests that this Honorable Court enter the attached form of Order sustaining the objection to the confirmation of Debtor's Plan and such other relief as is just and equitable.

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

Dated: April 11, 2018

By: */s/ Michael D. Vagnoni*
Michael D. Vagnoni, Esquire
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: 215-665-3066
E-mail: michael.vagnoni@obermayer.com
*Counsel to Montgomery County Tax Claim Bureau*